1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| THOMAS WILLIAM WALLER, JR., | NO. |
| Plaintiff, | (Removed from King County Superior Court, Case No. 17-2-26183-1 KNT) |
| v. | **DEFENDANTS RANJIT S. MANN, JANE DOE MANN, AND MANNEY TRANSPORT LTD.'S NOTICE OF REMOVAL** |
| RANJIT S. MANN, JANE DOE MANN, and MANNEY TRANSPORT LTD., | **DEMAND FOR JURY** |
| Defendants. | Clerk's Action Required |

**TO:   Clerk of the United States District Court for the Western District of Washington at Seattle:**

1.      Defendants Ranjit S. Mann, Jane Doe Mann, and Manney Transport LTD., (hereinafter "Defendants") remove the state court action entitled *Thomas William Waller, Jr., v. Ranjit S. Mann, et al.,* Case No. 17-2-26183-1 KNT, on the docket of the Superior Court of the State of Washington, County of King, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446.  In support of this Notice of Removal, Defendants state as follows:

DEFENDANTS' NOTICE OF REMOVAL
DEMAND FOR JURY – Page 1

SCHEER LAW GROUP LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

70  nj258701

## I.    STATE COURT ACTION

2.    The State Court action to be removed is *Thomas William Waller, Jr., v. Ranjit S. Mann, et al.,* Case No. 17-2-26183-1 KNT, King County Washington Superior Court. *See* Complaint, Declaration of Dennis Woods ("Woods Decl."), Exhibit 1.

## II.    TIME FOR REMOVAL

3.    Plaintiff filed this action in King County Superior Court on October 5, 2017. Plaintiff served the Summons and Complaint on October 9, 2017.  Woods Decl., Exhibit 1. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

## III.    BASIS FOR REMOVAL

4.    A party may seek removal of a State Court action where the amount in controversy exceeds $75,000 and the action is between citizens of a State and citizens or subjects of a foreign state.  28 U.S.C. § 1332(a)(2).

### A.  Timeliness

5.    This Removal is timely because Defendants have filed this Removal within 30 days of receipt of the Complaint and Summons.  28 U.S.C. § 1446(b).  Plaintiff served the Summons and Complaint on Defendant Manney's agent authorized to receive service of process on October 9, 2017.  Woods Decl, Exhibit 2, Declaration of Service.

### B.  Amount in Controversy

6.    A defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate the amount in controversy exceeds $75,000.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

7.    It is "facially apparent" from the nature of Plaintiff's claims alleged that the

DEFENDANTS' NOTICE OF REMOVAL
DEMAND FOR JURY – Page 2

SCHEER LAW GROUP LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

70 nj258701

amount in controversy exceeds $75,000, exclusive of interests and costs. Similar damage allegations in personal injury cases have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. See *Campbell v. Bridgestone/Firestone, Inc., 2006 U.S. Dist. LEXIS 16113, 2006 WL 707291, at \*3 (E.D. Cal. Mar. 17, 2006)* (holding it facially apparent that amount in controversy was met where plaintiff alleged several injuries, including head trauma, a broken arm, broken wrist, a deep laceration to his lower leg as a result of a car accident, and sought damages for wage loss, property loss, hospital and medical expenses, and loss of earning capacity); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Hammarlund v. C.R. Bard, Inc.*, 2015 WL 5826780, \*2 (C.D. Cal. Oct. 2, 2015) (finding that the amount in controversy exceeded $75,000 with allegations of medical expenses, permanent bodily injury, and mental and physical pain and suffering, even though plaintiff did not seek attorney's fees); accord *Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 709-712 (S.D. Miss. 2004).

8.      The face of the Complaint establishes that Plaintiff seeks damages in excess of $75,000. Plaintiff alleges that, while operating a motorcycle, he was unable to stop in time to avoid Defendants' outstretched semi-truck as it turned across his lane, resulting in a violent collision that threw Plaintiff from his motorcycle, causing severe injuries. As a result of the accident, Plaintiff is claiming he sustained significant bodily injuries and continues to suffer

DEFENDANTS' NOTICE OF REMOVAL
DEMAND FOR JURY – Page 3

personal injury and *disability*, emotional trauma, loss of enjoyment of life, emotional distress, and other damages in amounts to be proven at trial.   Further, Plaintiff claims that he has been required to seek various medical treatments and will continue to require medical treatments in the future, and has incurred wage loss, loss of earning capacity, out of pocket expense and other damages.   The face of Plaintiff's Complaint clearly establishes that Plaintiff is seeking damages in excess of $75,000.

9.     Even were it not clear from the face of the complaint, Defendants have clearly shown that the amount in controversy exceeds $75,000.   Where it is not factually evident from the complaint that the amount in controversy exceeds $75,000, the moving party is to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.   *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state court complaint does not specify amount in controversy, removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes).

10.     The preponderance of the evidence standard was recently re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758.   According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is

DEFENDANTS' NOTICE OF REMOVAL
DEMAND FOR JURY – Page 4

SCHEER LAW GROUP LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

70  nj258701

satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

11.     Pursuant to Local Rule W.D. Wash. 101(a), counsel for Defendants has a good faith belief that Plaintiff seeks damages in excess of the jurisdictional amount in this Court. The nature and scope of Plaintiff's injuries alleged, including his alleged disability, emotional trauma/distress, loss of earning capacity, and need for future medical treatments, more likely than not greatly exceeds the amount in controversy for the federal jurisdictional requirements.

12.     Furthermore, a reasonable person would conclude that Plaintiff is seeking damages in excess of $75,000. Plaintiff filed his Complaint in King County Superior Court. In Washington, the Superior Court has jurisdiction for claims seeking $100,000 or more while claims of less than $100,000 are filed in State District Courts. RCW 3.66.020; CR 101(a).

13.     Attorneys' fees and costs of suit may also be considered when determining if the amount in controversy exceeds $75,000 for purposes of establishing diversity jurisdiction. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943).   In his

DEFENDANTS' NOTICE OF REMOVAL
DEMAND FOR JURY – Page 5

SCHEER LAW GROUP LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

70  nj258701

Complaint, Plaintiff seeks an award for attorneys' fees and costs, disbursements, and prejudgment interest.

14.     Based on the above, it is apparent from Plaintiff's Complaint that Plaintiff's alleged damages exceed $75,000.  Defendants have established that it is more likely than not that Plaintiff's alleged damages – disability, significant bodily injuries, continuing personal injury, emotional trauma, loss of enjoyment of life, emotional distress, medical expenses, future medical treatments,  wage loss, loss of earning capacity, out of pocket expense, future damages, and Plaintiffs' request of attorneys' fees, costs, and interest – exceed $75,000.

**D. There is Complete Diversity Among All Proper Parties**

15.     The diversity of citizenship requirements of 28 U.S.C. § 1332 are satisfied in this case.

16.     Plaintiff's Complaint states that Plaintiff is a resident of King County, Washington.  Woods Decl., Exhibit 1, Complaint at ¶ 1.1.

17.     Defendant Ranjit S. Mann and Jane Doe Mann, now and at all times material hereto, have resided in British Columbia, Canada.  They are citizens or subjects of Canada for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

18.     Defendant Manney Transport, LTD., ("Manney") is and at all times material hereto was a corporation organized and existing under the laws of British Columbia, Canada, with its principal place of business in Abbotsford, British Columbia, Canada.  Manney is a citizen or subject of Canada for purposes of diversity.  28 U.S.C. § 1332(c)(1).

19.     In light of the above, there is complete diversity among the parties, and removal is proper under 28 U.S.C. § 1332(a)(2).

DEFENDANTS' NOTICE OF REMOVAL
DEMAND FOR JURY – Page 6

SCHEER LAW GROUP LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

70 nj258701

**E. Venue**

20.     The United States District Court for the Western District of Washington includes the County in which the state court action is now pending.  The state court action is currently pending in King County.  Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(a).

## IV.     REQUIRED DOCUMENTS

21.  Defendants will promptly file a copy of this Notice with the Clerk of the King County Superior Court and will give written notice to all adverse parties.  28 U.S.C. § 1446(d).

22.     Pursuant to Local Rule W.D. Wash. 101(b), attached are black-and-white copies of all additional records and proceedings in the State Court, together with counsel's verification that these are true and complete copies of all records and proceedings.  Woods Decl., Exhibit 6.

23.     In accordance with 28 U.S.C. § 1446, attached are the following documents that have been received by Defendants:

        a.        Woods Decl., Exhibit 1 – Complaint and Summons;

        b.        Woods Decl., Exhibit 2 - Declaration of Service;

        c.        Woods Decl., Exhibit 3 - Request for Admission to Defendant Ranjit S. Mann;

        d.        Woods Decl., Exhibit 4 – Plaintiff's First Request for Production; and

        e.        Woods Decl., Exhibit 5 - Affidavit of Compliance.

In addition are the underlying state court documents including the Civil Case

DEFENDANTS' NOTICE OF REMOVAL
DEMAND FOR JURY -- Page 7

SCHEER LAW GROUP LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

70  nj258701

Schedule and Notice of Appearance Exhibit 6.

## V.    JURY DEMAND

24.    Defendants have not yet filed their Answer in King County Superior Court.

25.    As permitted by Fed. R. Civ. P. 38, Fed. R. Civ. P. 81(c)(3), and Local Rules W.D. Wash. 38(b) and 101(d), Defendants demand a Jury.

## VI.    PRESERVATION OF RIGHTS

26.    By removing this action to this Court, Defendants do not waive any defenses, objections or motions available to them under state or federal law.  Defendants expressly reserve the right to move for dismissal of Plaintiff's claims under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, based on the foregoing, Defendants give notice that the above-captioned matter is hereby removed to the United States District Court for the Western District of Washington, Seattle Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and hereby request that this Court retain jurisdiction for all further proceedings herein.

RESPECTFULLY SUBMITTED this 30th day of October, 2017.

SCHEER LAW GROUP LLP

By *Dennis Woods*

Dennis G. Woods , WSBA No. 28713
dwoods@scheerlaw.com
Kristen F. Barnhart, WSBA No. 51135
kbarnhart@scheerlaw.com
SCHEER LAW GROUP LLP
701 Pike Street, Suite 2200
Seattle, WA 98101
Telephone: (206)262-1200
Facsimile : (206)223-4065
Attorneys for Defendants Ranjit S. Mann, Jane Doe Mann, and Manney Transport LTD.

DEFENDANTS' NOTICE OF REMOVAL
DEMAND FOR JURY – Page 8

70  nj258701

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Scheer Law Group LLP.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
| --- | --- |
| **CO/Plaintiff**<br>William A. White<br>Matthew R. White<br>Erin E. White<br>Law Office of William A. White, PLLC<br>705 South 9th Street<br>Tacoma, WA 98405<br>*bill@williamawhitelaw.com*<br>*Matt@williamawhitelaw.com*<br>*erin@williamawhitelaw.com* | ( )    Via U.S. Mail<br>( X )   Via Legal Messenger<br>( )    Via Facsimile<br>( X )   Via E-Mail |

DATED this 30th day of October, 2017, at Seattle, Washington.

Christie Kramer, Legal Secretary

DEFENDANTS' NOTICE OF REMOVAL
DEMAND FOR JURY – Page 9

SCHEER LAW GROUP LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

70  nj258701