UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS WILLIAM WALLER, JR., <br><br> Plaintiff, <br><br> v. <br><br> RANJIT S. MANN, et al., <br><br> Defendants. | Case No. 2:17-CV-1626-RSL <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on plaintiff Thomas William Waller, Jr.'s motion for partial summary judgment. For the following reasons, plaintiff's motion is GRANTED IN PART and DENIED IN PART. [1]

## **BACKGROUND**

This case arises out of a collision that took place on October 15, 2014 in Kent, Washington. Defendant Ranjit S. Mann was driving a tractor-trailer for defendant Manney Transport, Ltd. ("Manney Transport") on Central Avenue South. Ex. 2, Dkt. #26-1 (Mann. Decl.) at ¶¶ 2–3. As he prepared to turn into the driveway of a truck yard, id. at ¶¶ 4–7, the tractor was hit by a motorcycle driven by plaintiff. Id. at ¶ 7; Ex. 1, Dkt. #26-1 (Waller Dep.) at 69:23–70:5. Plaintiff suffered several injuries. Ex. B, Dkt. #28 at 12–14.

---

[1] This matter can be decided on the briefing filed by both parties. Plaintiff's request for oral argument is accordingly denied. See Dkt. #26.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

Plaintiff filed a complaint against Mann and Manney Transport in King County Superior Court on October 5, 2017, asserting that Mann was negligent and violated state regulations and safety standards. Ex. A, Dkt. #4-1. He sought damages for his injuries, medical treatment, and loss of earning capacity. Id. at ¶¶ 8.1–8.5. Defendants removed the case to this Court on October 30, 2017. Dkt. #1; see 28 U.S.C. § 1332(a)(2). They filed an answer on November 3, 2017 and asserted fifteen affirmative defenses. Dkt. #6 (Ans.). By a letter dated January 28, 2019, defendants withdrew Defenses Nos. 2–5. Dkt. #26 at 7; see Dkt. #27 at 2. Plaintiff brought this motion for partial summary judgment on all remaining defenses except Defenses Nos. 6 and 12. See Dkt. #26. Defendants then withdrew Defenses Nos. 1, 8, 10, 13 and 15 in their response. Dkt. #27 at 2. What remains for adjudication, therefore, are Defenses Nos. 7, 9, 11 and 14.

## DISCUSSION

**A. Legal Standard**

A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The proper question … is whether, viewing the facts in the non-moving party's favor, summary judgment for the moving party is appropriate." Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citing Arizona ex rel. Horne v. Geo Grp., Inc., 816 F.3d 1189, 1207 (9th Cir. 2016)). "[W]here evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that 'issue is inappropriate for resolution on summary judgment.'" Id. (quoting Direct Techs., LLC v. Elec. Arts, Inc., 836 F.3d 1059, 1067 (9th Cir. 2016)).

**B. Defenses Nos. 1–5, 8, 10, 13 and 15**

Regarding the defenses that defendants have already withdrawn, see Dkt. #27 at 2, plaintiff's motion is GRANTED.

### C. Plaintiff's Motion to Strike

Plaintiff's motion included a declaration from Melanie Choi, a witness to the accident. Ex. 3, Dkt. #26-1 at 21–22. Along with their response, defendants filed declarations from Rex Miller, a police officer who investigated the accident, see Dkt. #30 (Miller Decl.) and Jeong Kimble, who is Choi's spouse and was also a witness to the accident. See Dkt. #29 (Kimble Decl.). In his reply, plaintiff requests that the Court strike Miller's declaration and parts of the declarations of Choi and Kimble. Dkt. #33 at 2–5. For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion to strike.

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Civ. P. 56(e)). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

#### 1. Rex Miller's Declaration

Miller states that he responded to a semi-truck and motorcycle collision on October 15, 2014. Miller Decl. at ¶¶ 2–3. He states that he "investigated the collision[,] which included speaking with other responding officers, interviewing witnesses, preparing a collision report and issuing a traffic infraction against the motorcycle driver." Id. at ¶ 5. He purports to attach copies of his collision report and traffic infraction as Exhibits 1 and 2. Id. However, the copies were not filed along with the declaration, and have not been filed since, either. Miller then explains the conclusions he reached based upon his investigation, id. at ¶ 6, and states that he "issued a traffic infraction against the motorcycle driver for improper passing on [the] right side because [he] believe[d] the motorcycle driver caused the collision which could have been avoided if the motorcycle driver had waited for the semi-truck to turn into the truck lot." Id. at ¶ 7. Plaintiff argues that the declaration should be stricken in its entirety or, in the alternative, that Paragraphs 5 to 7 should be stricken. Dkt. #33 at 2–4.

Not all of Miller's declaration is based upon the collision report and traffic infraction, see id. at 2–3, and the Court declines to strike it in its entirety. Miller's statement in Paragraph 5 that he investigated the collision is not dependent on the contents of the reports, either. Miller Decl. at ¶ 5. As those reports have not been produced, however, the Court agrees that the line referencing them, "Attached to this declaration are true and correct copies of the collision report as Exhibit 1 and the traffic infraction as Exhibit 2.", is inadmissible. Id. The Court hereby STRIKES it.

Paragraph 6 contains Miller's conclusions after his investigation. Since he arrived after the accident, id. at ¶¶ 2–3, these are based upon his conversations with witnesses and other responding officers, not his personal knowledge. Id. at ¶ 5. The reports have not been provided. These statements are therefore not admissible and cannot be considered on a summary judgment motion. Casimir v. Remington Arms Co., LLC, No. 2:12-CV-01107-JM, 2013 WL 179756, at *4 (W.D. Wash. Jan. 16, 2013) ("The declaration of Plaintiff is not admissible because it is not based upon personal knowledge and contains hearsay within hearsay.") (citing Anheuser–Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 335 n. 1 (9th Cir. 1995)); see Loomis v. Cornish, 836 F.3d 991, 996–97 (9th Cir. 2016) (rejecting plaintiff's argument because he did not testify that he had any personal knowledge on the subject and only provided "his hearsay report of alleged statements" by others). The Court hereby STRIKES them.

In Paragraph 7, the fact that Miller issued a traffic infraction against plaintiff for improper passing on the right side is based upon Miller's personal knowledge and is admissible. Miller Decl. at ¶ 7. However, his belief that plaintiff caused the collision is not based upon his personal knowledge and is, for the same reasons as the statements in Paragraph 6, inadmissible. The Court hereby STRIKES that portion of the statement.

### 2. Declarations of Jeong Kimble and Melanie Choi

Both Kimble and Choi state in their declarations, "After seeing the right lane was clear, the driver of the semi-truck then proceeded to begin making a right turn toward the gated

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

driveway." Kimble Decl. at ¶ 4; Choi Decl. at ¶ 4. To the extent these statements concern the driver's state of mind, they are not based on Kimble and Choi's personal knowledge. Mahone v. Pierce Cty., No. C14-5665 BHS-KLS, 2015 WL 9311608, at *2 (W.D. Wash. Nov. 20, 2015), report and recommendation adopted, No. C14-5665 BHS-KLS, 2015 WL 9303485 (W.D. Wash. Dec. 22, 2015) ("The Court cannot consider the content of the incident reports because the affidavit submitted is not made on the personal knowledge of an affiant who is competent to testify to the matters stated therein.") (citing Fed. R. Civ. P. 56(e)). However, to the extent that they contain Kimble and Choi's observation that the right lane was clear at the time that the driver proceeded to make a right turn, the statements are based on their personal knowledge and are admissible. The Court declines to strike the statements outright but will read them as pertaining only to Kimble and Choi's own perceptions insofar as they bear upon plaintiff's motion for summary judgment.

Plaintiff also argues that the statement, "The semi-truck could not have made a right turn into the gated driveway from the right lane." is not based on Kimble and Choi's personal knowledge. Kimble Decl. at ¶ 9; Choi Decl. at ¶ 9. The Court disagrees. "Lay opinion testimony is admissible if it is (1) 'rationally based on the perception of the witnesses,' (2) 'helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue, and' (3) 'not based on scientific, technical, or other specialized knowledge within the scope of [Federal] Rule [of Evidence] 702.'" Reardon v. Progressive Nw. Ins. Co., No. C10-225 RSL, 2011 WL 13234275, at *3 (W.D. Wash. Mar. 31, 2011) (quoting Fed. R. Evid. 701). Kimble and Choi's statements are rationally based on their own perception of the tractor in relation to the gated driveway and the road itself, Central Avenue South. They are helpful, and admissible.

For the foregoing reasons, plaintiff's motion to strike portions of Kimble and Choi's declarations is DENIED.

**D. Defenses Nos. 7 and 11**

Defenses Nos. 7 and 11 concern plaintiff's contributory fault in causing the accident. In Defense No. 7, defendants state, "Plaintiff's alleged damages, if any, may have been caused in whole or in part by Plaintiff's own negligence, inattention, or fault." Ans. at 6. Defense No. 11 states, "Plaintiff's alleged damages, if any, were caused in whole or in part by the acts or omissions of other persons, parties, and/or entities over whom Defendants had no control. Pursuant to RCW 4.22.070, the trier of fact must determine the percentage of total fault that is attributable to every person, party, and/or entity (including Plaintiff, his employer or other third parties which may be revealed during the course of discovery) that caused Plaintiff's alleged damages. To the extent that Defendants are liable for any part of Plaintiff's damages, Defendants are entitled to an offset for any and all amounts attributable to the fault of other persons, parties, and/or entities." Id. at 7.

Preliminarily, defendants in their response argued only that there was a genuine dispute of material fact as to whether plaintiff was contributorily negligent. Dkt. #33 at 5–6. They did not make any arguments regarding the attribution of fault to third parties. See Dkt. #27. To that extent, plaintiff is entitled to summary judgment.

"To overcome summary judgment, the defendant must show that there is at least a disputed fact upon which a reasonable juror could find the defendant met their burden of proof for contributory negligence." Franklin v. Out W. Express, LLC, No. 3:17-CV-05698-RBL, 2019 WL 1958496, at *3 (W.D. Wash. May 2, 2019). "A defendant asserting the affirmative defense of contributory negligence must prove it by a preponderance of the evidence—a scintilla of evidence will not suffice." Id. (citing Boyle v. Lewis, 30 Wn. 2d 665, 676 (1948)).

"Under Washington law, all drivers possess a duty to exercise ordinary care while operating a motor vehicle." Keone v. United States, No. C13-419RSM, 2014 WL 6632344, at *5 (W.D. Wash. Nov. 21, 2014) (citing Robison v. Simard, 57 Wn. 2d 850, 851 (1961)). "A statute may also impose a duty additional to the duty to exercise ordinary care, the violation of

which constitutes negligence." Id. (citing Mathis v. Ammons, 84 Wn. App. 411, 416 (1996)). RCW 46.61.305 states that "(1) No person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided." Plaintiff therefore argues that he was the favored driver and that the duty to avoid the collision was on defendant Mann. Mossman v. Rowley, 154 Wn. App. 735, 741 (2009) ("The primary duty to avoid a collision is on the disfavored driver.") (citing Doherty v. Mun. of Metro. Seattle, 83 Wn. App. 464, 470 (1996)). "Washington courts routinely fail to credit a contributory negligence defense where the favored driver had only seconds to react to an emergency situation created by the disfavored driver." Keone, 2014 WL 6632344 at *7.

However, defendants point out that RCW 46.61.145 states that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." This, defendants argue, makes Mann the favored driver. Dkt. #27 at 7. RCW 46.61.115 also lays out two sets of conditions in which overtaking on the right is permitted, and states that "[t]he driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. Such movement shall not be made by driving off the roadway." One of the permitted conditions is "[u]pon a roadway with unobstructed pavement of sufficient width for two or more vehicles moving lawfully in the direction being traveled by the overtaking vehicle." RCW 46.61.115.

Plaintiff testified at his deposition that he was driving in the left lane when he turned from Smith onto Central Avenue South. Waller Dep. at 69:4–11, 71:18–23. He saw some traffic up ahead and switched from the left land to the right lane. Id.; see id. at 71:24–72:7. He was traveling at 30 miles per hour, and the speed limit for the road was 40 miles per hour. Id. at 73:19–74:2. He accelerated to 40 miles per hour as he switched lanes. Id. at 74:4–7. He testified that at the time, the tractor was completely in the left lane, and there was no indication that it was about to turn into the right lane. Id. at 74:23–75–10. Defendant Mann stated that he turned

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

on his right turn signal and saw that the right lane was clear of traffic before initiating the turn. Mann Decl. at ¶ 6. The tractor was one-fourth of the way into the right lane when the motorcycle hit the tractor. Id. at ¶ 7. Mann believed that plaintiff was driving at approximately 45 miles per hour. Id. at ¶ 8. Finally, Choi and Kimble also stated that the tractor had its right turn signal on, and that the right lane was clear at the time that Mann began to make a right turn. Kimble Decl. at ¶¶ 3–4; Choi Decl. at ¶¶ 3–4. The motorcycle did not stop prior to passing their vehicle. Id. at ¶ 5. Viewing the facts in defendants' favor, there appears to be a dispute of material fact as to whether the tractor was already partially in the right lane at the time that plaintiff switched from the left lane to the right lane, and whether its right turn signal was on. See Waller Dep. at 74:23–75–10, Mann Decl. at ¶ 7; Kimble Decl. at ¶ 4; Choi Decl. at ¶ 4. The issue is therefore not suitable for summary judgment. Zetwick, 850 F.3d at 441.

Regarding Mann's status as the favored driver, plaintiff argues that RCW 46.61.145 does not apply, as he was not "following" Mann and had traveled at least three car lengths prior to Mann beginning his turn. Kimble Decl. at ¶¶ 3–5; Choi Decl. at ¶¶ 3–5. RCW 46.61.145 is "[r]eferred to in Washington's common law as the 'following car doctrine,'" and it provides that "when two vehicles are proceeding in the same direction in the same lane on a public roadway, the primary duty of avoiding a collision is on the driver of the following automobile." Davis v. United States, No. 12-5631 RJB, 2013 WL 12108079, at *2 (W.D. Wash. Apr. 2, 2013) (citing Izett v. Walker, 67 Wn. 2d 903, 907 (1966)). It is not clear that plaintiff was "following" defendant Mann, nor that the statute is applicable here. See Martini ex rel. Dussault v. State, 121 Wn. App. 150, 173 (2004); Hickey v. Huang, 143 Wn. App. 1025 (2008). Plaintiff also argues that he was in compliance with RCW 46.61.115, as he was in a marked lane on a multiple lane highway. Dkt. #33 at 8; see RCW 46.04.350 (defining "multiple lane highway").

Regardless, however, there does appear to be a dispute of material fact as to whether plaintiff was driving at an appropriate speed. Under Washington law, "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." Hough v. Ballard, 108 Wn.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 8

App. 272, 284 (2001). "When there is conflicting evidence as to the proper speed on an approach to an intersection, it is for the jury to decide (a) what was a reasonable speed under all of the circumstances, (b) was that speed exceeded by the approaching driver, and (c) if so, was the speed a proximate cause of the accident." Id. (quoting Harris v. Burnett, 12 Wn. App. 833, 836 (1975)). Defendants' expert stated that in his opinion, plaintiff "showed poor driving strategy in changing lanes and attempting to accelerate past stopped vehicles without keeping a proper lookout and recognizing the intended movement of the Mann tractor-trailer." Dkt. #31 (Hunter Decl.) at ¶ 5. He also stated that plaintiff had enough time to adjust his speed in response to the conditions ahead of him. Id. Both Choi and Kimble state that the "motorcycle should have stopped and allowed the semi-truck to make a right turn right into the gated driveway." Kimble Decl. at ¶ 8; Choi Decl. at ¶ 8.

Finally, irrespective of whether plaintiff or defendant Mann is considered the favored driver, "Washington courts have consistently held 'that all rights of way are relative and the duty to avoid accidents or collisions at street intersections rests upon both drivers.'" Hough, 108 Wn. App. at 288 (quoting Bennett v. Karnowsky, 24 Wn. 2d 487, 491 (1946)). "Contributory negligence is an issue for the jury to determine from all the facts if substantial evidence has been admitted which would support any interpretation leading to a reasonable conclusion that the plaintiff was negligent. A jury question arises unless the evidence is such that all reasonable minds would agree that the plaintiff had exercised the care a prudent person would have exercised under the circumstances." Id. (quoting Harris, 12 Wn. App. at 835). Plaintiff is not entitled to summary judgment on his contributory negligence.

The Court hereby DENIES plaintiff's motion as regards Defense No. 7. The Court GRANTS IN PART and DENIES IN PART plaintiff's motion as regards Defense No. 11. The Court DECLARES that defendants are entitled to an offset for any amounts that are attributable to the fault of plaintiff, but not to the fault of third parties.

### E. Defense No. 9

Defense No. 9 states, "Plaintiff may have failed to mitigate, minimize, or avoid damages allegedly sustained. Plaintiff's damages, if any, are barred in whole or in part by the failure to exercise reasonable care to prevent aggravation of his injuries, failure to follow the instructions of his doctors, and/or failure to take reasonable precautions to reduce any injury or damage. Plaintiff's recovery, if any, should be reduced appropriately." Ans. at 6–7. Plaintiff alleged that he suffered a loss in his wages and a diminished earning capacity. Compl. at ¶ 8.3. He argues that defendants have not met their burden to present evidence on his failure to mitigate his damages. Dkt. #26 at 13–14. It appears to be undisputed that defendants did not introduce any evidence on plaintiff's physical injuries or medical care.

"The burden of proving failure to mitigate is on the party whose wrongful conduct caused the damage." Bernsen v. Big Bend Elec. Co-op., Inc., 68 Wn. App. 427, 435 (1993) (citing Smith v. King, 106 Wn. 2d 443, 451 (1986)). "A wide latitude of discretion must be allowed to the person who by another's wrong has been forced into a predicament where he is faced with a probability of injury or loss. Only the conduct of a reasonable man is required of him. If a choice of two reasonable courses presents itself, the person whose wrong forced the choice cannot complain that one rather than the other is chosen." Hogland v. Klein, 49 Wn. 2d 216, 221 (1956) (internal citation omitted). "The amount of care required is not to be measured by 'ex post facto wisdom'; and the plaintiff is not bound at his peril to know the best thing to do." Id.

From 2009 to January 2014, plaintiff worked in the Pierce County public works and utility surface water management division. Dkt. #28 (Waller Dep.) at 32:5–21. Between January 2014 and October 15, 2014, the date of the accident, plaintiff was not working. Id. at 33:5–7. In 2015, he worked as a survey technician and fish biologist. Id. at 33:20–24. Between April and August of 2017, he worked as a delivery driver. Id. at 39:1–3. Plaintiff then began working as a surveying technician, estimator and environmental consultant for Lank Tree Land Surveying

("Lank Tree") in November 2017.[2] Id. at 39:16–40:15. A report from plaintiff's Vocational Rehabilitation Counselor, Marilyn Thomas, states that he was laid off in August 2018 due to lack of work. Ex. B, Dkt. #28 at 13. Defendants argue that plaintiff has failed to mitigate his damages to the extent that he has not resumed employment due to his own lack of effort since August 2018. Dkt. #27 at 10. Defendants also state that they have not had the opportunity to depose plaintiff on this subject as he was working fulltime as of July 19, 2018, the date of his deposition. Id.

"In responding to a summary judgment motion, the adverse party may not rest upon the mere allegations or denials of its pleading, but must respond by setting forth specific facts showing that there is a genuine issue for trial." State of Wash. v. Time Oil Co., 687 F. Supp. 529, 531 (W.D. Wash. 1988) (citing Fed. R. Civ. P. 56)). Defendants have the burden of "mak[ing] a showing sufficient to establish the existence of each element" of the defense on which they "would bear the burden of proof at trial." Id. (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Defendants have not made this showing. Smith v. Ardew Wood Prod., Ltd., No. C07-5641 FDB, 2009 WL 36882, at *2 (W.D. Wash. Jan. 5, 2009) (finding that there was a genuine factual dispute as to whether plaintiff had failed to mitigate his damages where the defendant argued that the plaintiff had refused work assignments and continued to aggravate his injury on the job). While plaintiff's employment with Lank Tree only ceased in August 2018, after his deposition, discovery closed on January 6, 2019. Dkt. #23. Defendants do not appear to have made any effort to ascertain whether plaintiff has been employed since November 2, 2018 (the date of his counselor's report) or is currently employed. Ex. B, Dkt. #28 at 13. Moreover, this period is over four years after the accident, and defendants themselves concede that plaintiff returned to the workforce and was gainfully employed soon after the accident. Dkt. #27 at 10.

---

[2] The deposition transcript states that plaintiff began his employment with Lank Tree in November 2015. Waller Dep. at 39:16–19. However, previous excerpts indicate that he was employed elsewhere in 2015, see id. at 33:20–24, and the report submitted by his Vocational Rehabilitation Counselor states that his employment with Lank Tree began in November 2017. Ex. B, Dkt. #28 at 13.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 11

Plaintiff's counselor's report indicates that plaintiff was seeking employment as of November 2018 and was hiking 2-3 days a week to maintain his endurance, in addition to volunteering at a local food bank for one or two days every week. Ex. B, Dkt. #28 at 13.

Defendants have not met their burden. Bernsen, 68 Wn. App. at 435. The Court hereby GRANTS plaintiff's motion as regards Defense No. 9.

**F.  Defense No. 14**

Defense No. 14 states, "Plaintiff's alleged damages may have been the sole and proximate result of an unavoidable accident." Ans. at 8. Defendants argue that the jury could conclude that the drivers entered the lane simultaneously and that neither party was negligent. Dkt. #27 at 9. However, an unavoidable accident is defined as one that "may be inevitable in that it resulted without human agency and by [a] so-called 'Act of God.'" Brewer v. Berner, 15 Wn. 2d 644, 648 (1942). In other words, it is an accident that "could not have been prevented by the exercise of due care on the part of the human actors involved." Id. It is only proper to give a jury instruction pertaining to an unavoidable accident if there is affirmative evidence that it occurred. It is "error to give the instruction if there is no evidence of an unavoidable accident or if the only issue possible under the facts is that of negligence and contributory negligence." Cooper v. Pay-N-Save Drugs, Inc., 59 Wn. 2d 829, 835–36 (1962).

Defendants have introduced no evidence to show that the collision was the result of an unavoidable accident. "On the contrary, the evidence presented but two questions for the jury to decide, and those questions were negligence on the part of [defendant] and contributory negligence on the part of [plaintiff]." Brewer, 15 Wn. 2d at 650.

The Court hereby GRANTS plaintiff's motion as regards Defense No. 14.

1     DATED this 23rd day of August, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 13