UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS WILLIAM WALLER, JR.,

  Plaintiff,

  v.

RANJIT S. MANN, *et al.*,

  Defendants.

NO. C17-1626RSL

ORDER REGARDING DEFENDANTS' MOTIONS IN LIMINE

This matter comes before the Court on "Defendants['] Motions in Limine." Dkt. # 36. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

A. Agreed Motions in Limine

The parties agree that the evidence described in defendants' motions in limine Nos. 1-5 and 7-10 should be excluded from trial. It is so ORDERED.

B. Presence or Absence of a Party (Motion in Limine # 6)

Defendant Ranjit Mann is a Canadian citizen and defendant Manney Transport Ltd. is a Canadian company. Defendants seek an order prohibiting comments or argument regarding their presence in or absence from the courtroom during trial. Defendants' nationality will be discussed during voir dire, and the Court will proactively address the issue of party participation when the

ORDER REGARDING DEFENDANTS'
MOTIONS IN LIMINE - 1

jury is chosen. The issue is otherwise irrelevant and will not be mentioned.

C. Conclusions of Law and Opinions Regarding Compliance with Law (Motion in Limine # 11)

Expert witnesses will generally not be permitted to opine regarding what the law is or whether certain conduct violated the law. Counsel shall formulate their questions accordingly, seeking to elicit testimony within the expert's area of expertise that may be helpful to the jury in applying the law as stated in the jury instructions to the facts as the jury finds them. Motion in limine # 11 is GRANTED.

D. Effect of Age on Plaintiff's Employment Prospects (Motion in Limine # 12)

A person's age is a factor that is often considered by vocational experts (and the Social Security Administration) when evaluating the likelihood of future employment and the types of jobs that are available. In addition, a person's age may be a confounding factor in an injury-causing event insofar as it can make a person more susceptible to injury and/or lengthen the recovery period. This matter is taken under advisement: testimony linking plaintiff's age to his future employment prospects/damages may be admissible if a proper foundation is laid.

E. Speculative Expert Opinions (Motion in Limine # 13)

Motions to exclude or limit expert testimony on the grounds that it is unreliable or unhelpful to the jury were due no later than the deadline for filing dispositive motions (LCR 16(b)(4), which was February 5, 2019 (Dkt. # 23). Notwithstanding the untimeliness of this motion to exclude, experts will be required to testify on a more-probable-than-not basis: speculation is inadmissible. Motion in limine # 13 is DENIED without prejudice as untimely.

F. Turning Radius of Trucks Other Than the One Involved (Motion in Limine # 14)

Plaintiff's accident reconstruction expert, David Wells, opines that "[f]ull size semi-

ORDER REGARDING DEFENDANTS'
MOTIONS IN LIMINE - 2

trucks and trailers can make right turns into the driveway of 917 Central Ave S entirely from the curb (outside) lane." Dkt. # 37 at 29. A central issue in this litigation, as recognized by Mr. Wells, is whether a following vehicle in plaintiff's position would have or should have expected that the tractor-trailer in front of him was about to make a right turn from the left (inside) lane and acted accordingly. If the jury accepts Mr. Wells' opinion as true - *i.e.*, if tractor trailers are generally capable of and regularly observed making 90° turns from the curbside lane - it would make plaintiff's failure to predict the tractor-trailer's change of lanes more reasonable. Motion in limine # 14 is DENIED.

G. Cumulative Medical Evidence (Motion in Limine # 15)

Defendant seeks to exclude some unknown number of treating physicians from testifying because their testimony may be duplicative of that offered by other treating physicians and/or plaintiff's medical expert. This matter is taken under advisement.

H. Defendant's Ethnicity (Motion in Limine # 16)

Defendant Mann's ethnicity is not relevant to any claim or defense in this litigation. Motion in limine # 16 is therefore GRANTED. Mr. Mann's proficiency in English and/or familiarity with the traffic rules of Washington may be relevant, but neither issue requires proof of ethnicity.

I. Fear of Tractor-Trailers (Motion in Limine # 17)

Plaintiff alleges that he suffers from nonphysical trauma due to the collision, including a heightened awareness or fear of tractor-trailers. Evidence related to plaintiff's reaction to tractor-trailers other than the one involved in the collision is relevant to damages. Motion in limine # 17 is DENIED.

ORDER REGARDING DEFENDANTS'
MOTIONS IN LIMINE - 3

J. End of Romantic Relationship (Motion in Limine # 18)

Plaintiff alleges that the collision caused his romantic relationship with Janine Welch to end. Defendants seek to prevent him from testifying as such, apparently on the grounds that there were other reasons the relationship ended and that the relationship was of such short duration that its loss was irrelevant. This disputed issue of fact is for the jury to decide. Motion in limine # 18 is DENIED.

For all of the foregoing reasons, defendants' motions in limine (Dkt. # 36) are GRANTED in part and DENIED in part.

Dated this 18th day of August, 2020.

Robert S. Lasnik
United States District Judge

ORDER REGARDING DEFENDANTS'
MOTIONS IN LIMINE - 4