UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS WILLIAM WALLER, JR.,

Plaintiff,

v.

RANJIT S. MANN, *et al.*,

Defendants.

NO. C17-1626RSL

ORDER REGARDING PLAINTIFF'S
MOTIONS IN LIMINE

This matter comes before the Court on plaintiff's two sets of motions in limine. Dkt. # 38 and Dkt. # 52.[1] Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

A. Agreed Motions in Limine

The parties agree that the evidence described in plaintiff's first set of motions in limine at Nos. 1, 3-4, 9-15, 18, 20, and 22 should be excluded from trial. It is so ORDERED.

B. Demonstrative Exhibits (Motion in Limine # 2)

The parties shall exchange any multi-media or other demonstrative exhibits intended to be

---

[1] The two sets are substantively similar. Following the entry of a revised case management schedule with a new deadline for submission of motions in limine, plaintiff chose to file a second, truncated version of his original motions and added one additional request for exclusion.

ORDER REGARDING PLAINTIFF'S
MOTIONS IN LIMINE - 1

used at trial when they submit their trial exhibits to the Court. If any such exhibits are generated during trial, they shall be disclosed to the opposing party as early as possible, but no later than the night before they will be used.

C. References to "Independent" Medical Examiners (Motion in Limine # 5)

At defendants' request, plaintiff agreed to two medical examinations by doctors hired by defendants. The examining physicians may be referred to as "doctors" or "medical examiners," but the adjective "independent" is unnecessary and potentially misleading in this context. Motion in limine # 5 is GRANTED.

D. Comments Regarding Counsel (Motions in Limine # 6 and # 7)

Plaintiff seeks to exclude evidence, comment, or argument regarding (i) the timing or circumstances in which he hired counsel and (ii) the fact that plaintiff's legal representative was present during the two medical examinations conducted at defendants' request. How and why this information would be brought to the attention of the jury is unclear: defendants make no effort to explain its relevance. These matters are taken under advisement. Defendants must make a proffer out of the hearing of the jury before asking questions or offering evidence regarding these topics.

E. Failure to Present Evidence (Motions in Limine # 8 and # 30)

Plaintiff seeks to prevent defendants from pointing out that plaintiff declined to call as a witness one or more persons with relevant knowledge or failed to put into evidence all of his medical records. The Court takes this matter under advisement. If plaintiff opts not to call a medical provider whose testimony would be wholly duplicative of that which has already been presented, the failure is not relevant. If, however, plaintiff has failed to satisfy his burden of

ORDER REGARDING PLAINTIFF'S
MOTIONS IN LIMINE - 2

proof on a particular point and has chosen not to call an identifiable witness who has relevant knowledge, defendants may point out the failure.

Defendants will not be permitted to argue that plaintiff failed to make medical records available to them.

F. Testimony of and Citation Issued by Officer Rex Miller (Motions in Limine # 16 and # 17)

Officer Miller has been offered as a fact witness. His testimony will therefore be limited to that of which he has personal knowledge and the rational inferences and conclusions to be derived therefrom. Officer Miller's opinions regarding the parties' negligence (either directly or indirectly through the citation he issued) and descriptions of events of which he has no personal knowledge are not admissible.

G. $19,000 Cash (Motion in Limine # 19)

The fact that plaintiff was carrying $19,000 in cash on his person at the time of the accident is not relevant to any claim or defense at issue in this litigation. Defendants offer no facts or circumstances that would make the presence of the cash relevant to plaintiff's "state of mind," "overall instability," "lack of employment," or pre-accident "vocational and mental status," nor have they provided a foundation for their implicit argument that these factors are causally related to the accident. Dkt. # 49 at 10; Dkt. # 53 at 9. While the existence of the $19,000 may be relevant to plaintiff's finanical status Motion in limine # 19 is GRANTED.

H. Alcohol Consumption or Intoxication (Motion in Limine # 21)

Plaintiff argues that questions or evidence suggesting that he had consumed alcohol before the accident should be excluded because there is a lack of evidence suggesting that his acknowledged consumption of alcohol impaired or otherwise affected him in any way at the time

ORDER REGARDING PLAINTIFF'S
MOTIONS IN LIMINE - 3

of the accident. Unlike the situation in *Madill v. Los Angeles-Seattle Motor Express*, 64 Wn.2d 548 (1964), on which plaintiff relies, there is evidence in this case other than mere consumption to support the conclusion that plaintiff was under the influence of alcohol when the accident occurred. Plaintiff consumed two to three mixed drinks in the early afternoon, the accident occurred four to five hours later, his blood alcohol level one hour after the accident was 61.0 mg/dL, and a first responder noted that plaintiff showed signs of intoxication. Whether alcohol played a role in the accident in as issue for the jury to decide. Motion in limine # 21 is DENIED.

I. Lay Witness Testimony (Motion in Limine # 23)

Defendants intend to call two witnesses who were in a car stopped behind the tractor-trailer driven by defendant Mann and saw plaintiff come from behind and pass on the right. As discussed above in the context of Officer Miller, the witnesses' testimony will be limited to that of which they have personal knowledge and the rational inferences and conclusions to be derived therefrom. Unless a proper foundation can be laid, they will not be permitted to testify regarding what Mr. Mann saw or his state of mind. They may, however, offer opinions based on their personal knowledge and common experiences as a driver, including whether the turning radius of the tractor-trailer was sharp enough to make the turn from the curbside lane, whether the parties had a chance to avoid the accident and how they responded, and what the witnesses, as reasonable people, believe should have happened in the situation that unfolded in front of them. Motion in limine # 23 is GRANTED in part and DENIED in part.

J. Speculative Expert Testimony (Motions in Limine # 24 and # 29).

Motions to exclude or limit expert testimony on the grounds that it is unreliable or unhelpful to the jury were due no later than the deadline for filing dispositive motions (LCR

ORDER REGARDING PLAINTIFF'S
MOTIONS IN LIMINE - 4

16(b)(4), which was February 5, 2019 (Dkt. # 23). Notwithstanding the untimeliness of these motions to exclude, defendants' vocational expert does not appear to have the expertise to diagnose a mental health disorder or the factual basis to opine why plaintiff's employment with Pierce County came to an end. While the vocational expert may rely on the hearsay reports of other experts in analyzing plaintiff's future employment prospects, whether and to what extent she will be permitted to testify as to the content of those reports will be determined at trial. Motions in limine # 24 and # 29 are DENIED without prejudice as untimely.

K. 2009 Inpatient Psychiatric Treatment (Motion in Limine # 25)

Plaintiff seeks to exclude evidence of his 2009 inpatient psychiatric stay as irrelevant and unduly prejudicial. This matter is taken under advisement. Assuming there is medical evidence to support the argument, defendants will argue that plaintiff's future employment prospects are limited not be the accident at issue in this litigation, but by plaintiff's mental health issues. Whether defendants need to reach back over a decade to this inpatient episode in order to make their argument or whether the point can be made through more recent medical records and/or their expert's testimony is unclear. If defendants intend to question a witness regarding the 2009 inpatient stay, they shall notify the Court and opposing counsel the night before.

L. Outstanding Child Support (Motion in Limine # 26)

Defendants argue that evidence that plaintiff has outstanding child support obligations is relevant because it explains plaintiff chose to file this lawsuit and/or to demand substantial damages. While evidence of secondary gain may be relevant, in the context presented here the argument appears to be entirely speculative and is unduly prejudicial. Motion in limine # 26 is GRANTED.

ORDER REGARDING PLAINTIFF'S
MOTIONS IN LIMINE - 5

M. Evidence of Mental Health Disorders (Motion in Limine # 27)

Defendants intend to argue that plaintiff's future employment prospects were limited not

be the accident at issue in this litigation, but by plaintiff's mental health issues. Evidence

regarding plaintiff's mental health conditions are relevant for that purpose.[2]

N. Marijuana Use (Motion in Limine # 28)

Defendants argue that whether and to what extent plaintiff has used or uses marijuana is

relevant to the issue of damages. It is unclear why they believe this to be so, but even if the

argument were not speculative, the risk of prejudice outweighs any marginal relevance of the

evidence. Motion in limine # 28 is GRANTED.

O. Failure to Mitigate (Motion in Limine # 31)

Defendants asserted, but failed to support at summary judgment, a failure to mitigate

defense. The defense was dismissed, and defendants may not now attempt to prove that

plaintiff's damages were the result of his failure to exercise reasonable care to prevent

aggravation of his injuries, to follow the instructions of his doctors, and/or to take reasonable

precautions to reduce his injuries, wage loss, or other damages. Defendants may, however,

contest plaintiff's evidence of damage, either as to the fact of damage or the amount. The

dismissal of defendants' affirmative defense does not mean that plaintiff's evidence must go

unchallenged.


//

---

[2] Defendants have not, however, shown that plaintiff's mental health conditions are relevant to the accident itself. They shall not, therefore, be permitted to argue that these conditions impact how plaintiff "conducts his life" (Dkt. # 49 at 17) or in some way caused the accident.

ORDER REGARDING PLAINTIFF'S
MOTIONS IN LIMINE - 6

1    For all of the foregoing reasons, plaintiff's motions in limine (Dkt. # 38 and Dkt. # 52)

2    are GRANTED in part and DENIED in part.

3

4

5

6    Dated this 18th day of August, 2020.

7    _MM S Lasnik_

8    Robert S. Lasnik
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER REGARDING PLAINTIFF'S
     MOTIONS IN LIMINE - 7