UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS WILLIAM WALLER, JR.,

Plaintiff,

v.

RANJIT S. MANN, *et al.*,

Defendants.

Cause No. C17-1626RSL

ORDER REGARDING
PERPETUATION DEPOSITIONS

This matter comes before the Court on "Defendants' Motion for Leave to Perpetuate Defense Expert Witness Testimony or, in the Alternative, Motion for Leave to Designate Expert Witnesses." Dkt. # 65. Defendants seek to take two depositions after the discovery deadline for presentation during trial. Defendants found out in or around January 2021, two years after discovery closed, that their vocational rehabilitation and psychiatric experts plan to retire on June 30, 2021. The experts assert that they will be unavailable to testify once they retire. In addition, Dr. Brooke Thorner, the psychiatrist, will be moving to Florida in September or October 2021. Plaintiff opposes the motion, arguing that defendants have failed to show good cause for modifying the Court's scheduling order and that neither witness is "unavailable" for purposes of Fed. R. Civ. P. 32(a)(4).

**A. Good Cause**

The district courts in the Ninth Circuit generally agree that there is no difference between

ORDER REGARDING PERPETUATION
DEPOSITIONS - 1

a "discovery" deposition and a "trial" or "perpetuation" deposition: regardless of the use to which the testimony is ultimately put, depositions are subject to the limits imposed by the Federal Rules of Civil Procedure, including their time restrictions and the Court's Rule 16 case management order. *See, e.g., Peoples Bank v. Bluewater Cruising LLC*, No. C12-0939RSL, 2014 WL 30038, at *1-2 (W.D. Wash. Jan. 3, 2014)*; Energex Enterprises, Inc. v. Shughart, Thomson & Kilroy, P.S.*, C04–1367 PHX ROS, 2006 WL 2401245, at *7 (D. Ariz. Aug. 17, 2006); *Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 558-59 (S.D. Cal. 1999). Thus, defendants must show not only that their experts are unavailable, justifying use of their depositions at trial, but also that the discovery deadline should be extended so that the depositions can be taken.

A case management schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily considers the diligence of the party seeking the modification. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown). There is no indication that, at the time discovery closed, defendants had any reason to suspect that this litigation would still be going on two years later, that their experts' retirement plans would in any way impact the trial of this matter, or that they would have need of the experts' deposition testimony at trial. A failure to predict the unpredictable does not show a lack of diligence. The Court finds that there is good cause to extend the discovery deadline and turns to

ORDER REGARDING PERPETUATION
DEPOSITIONS - 2

whether the requested depositions would be admissible at trial.

**B. Unavailability**

Federal Rule of Civil Procedure 32(a)(4)(B) and (E) provide that the deposition of a witness may be used "for any purpose" at trial if he or she "is more than 100 miles from the place of hearing or trial" or "exceptional circumstances make it desirable, in the interest of justice and with due regard to the importance of live testimony in open court, to permit the deposition to be used." With regard to Dr. Thorner, in-person civil jury trials will not resume in this district until September 2021, at the earliest, and she will likely be more than 100 miles from the place of trial by the time this case is called. The Court declines plaintiff's invitation to ignore the limitations on its Rule 45 subpoena power and finds that Dr. Thorner will be unavailable at the time of trial. The parties shall cooperate to schedule her deposition on or before June 30, 2021.

With regard to Ms. Brandt, neither the parties nor the Court have found any cases holding that retirement is an exceptional circumstance that makes a witness unavailable. The weight of authority suggests that the "exceptional circumstances" requirement of Rule 32(a)(4)(E) is a stringent standard. *Forbes v. Cty. of Orange*, 633 F. App'x 417, 418 (9th Cir. 2016) ("The district court permissibly concluded that Forbes' counsel failed to do as much as he should have done to ensure Gonzales' attendance at trial . . . . The inability to secure Gonzales' live testimony at trial cannot be attributed to 'exceptional circumstances.'"); *McDowell v. Blankenship*, 759 F.3d 847, 851 (8th Cir. 2014) ("We agree Rule 32(a)(4)(E) permits deposition testimony where, in the district court's judgment, live testimony from the deponent is impossible or highly impracticable and 'the interest[s] of justice,' 'with due regard to the importance of live

testimony in open court,' counsel in favor of admissibility."); *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 963-64 (10th Cir. 1993) (finding that a physician's refusal to appear to testify at trial is not an exceptional circumstance justifying substitution of a deposition transcript: absent a reason why the witness cannot appear, serious prejudice alone cannot justify admission of the deposition testimony); *Allgeier v. U.S.*, 909 F.2d 869, 876 (6th Cir. 1990) (noting that the circumstances of a witness' absence are exceptional when akin to the witness being "unavailable or unable to testify because he is dead; at a great distance; aged, ill, infirm, or imprisoned; or unprocurable through a subpoena."). Other procedural and evidentiary rules also suggest that the "exceptional circumstances" language poses a high bar. Federal Rule of Evidence 804(a)(2), for example, specifies that a witness is "unavailable" for hearsay purposes if he refuses to testify despite a court order to do so. Federal Rule of Civil Procedure 43(a) requires a showing of compelling circumstances and appropriate safeguards to authorize "testimony in open court by contemporaneous transmission from a different location." "To provide testimony that is not even contemporaneous - like publishing a deposition - necessarily requires the movant to show something beyond 'good cause in compelling circumstances,' which Rule 32(a)(4) describes as 'exceptional circumstances.'" *U.S. ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. CV 9:14-230-RMG, 2017 WL 6015157, at *2 (D.S.C. Dec. 1, 2017).

The circumstances related to Ms. Brandt are not exceptional for purposes of Rule 32(a)(4)(E). Her retirement in no way impinges on her expertise, there is no indication that she is physically or mentally unable to testify, and she remains within a reasonable distance of the courthouse. Her declaration that she is unavailable, with no supporting facts other than her retirement, does not make it so. Defendants have not identified any obstacle to her testifying

other than a vague suggestion that she might refuse, which is not enough to justify the use of deposition testimony in lieu of a live witness. Defendants have the compulsory powers of Rule 45 and, if necessary, the Court at their disposal. They have not shown that Ms. Brandt is or will be unavailable simply because she is retiring. Having failed to show that Ms. Brandt will be unavailable at trial, defendants will not be permitted to take her belated deposition or to identify a new expert in her place.

For all of the foregoing reasons, defendants' motion for leave to perpetuate defense expert witness testimony is GRANTED as to Dr. Thorner and DENIED as to Ms. Brandt. The parties shall cooperate to schedule Dr. Thorner's deposition on or before July 21, 2021. Defendants' request for alternative relief is DENIED.

Dated this 21st day of June, 2021.

Robert S. Lasnik
United States District Judge